THE PEOPLE OF THE STATE OF NEW YORK, APPEL-
LANT, v. BENJAMIN RYALL, RESPONDENT.

SAME v. SAME.

*What is not an omission to perform his duty by a public officer, within the meaning of
section 154 of the Penal Code.*

One Ryall, the superintendent of public works of Saratoga Springs, was indicted
for having willfully omitted to make oath and execute an affidavit that he had
not been interested pecuniarily in any contract, work, materials or other matter
connected with his official duties, as prescribed by chapter 257 of the Laws of
1874, before receiving a portion of his salary or compensation provided for by
section 5 of that act.

The indictment was found under section 154 of the Penal Code, which provides
that "where any duty is or shall be enjoined by law upon any public officer, or
upon any person holding a public trust or employment, every willful omission
to perform such duty, where no special provision shall have been made for the
punishment of such delinquency, is punishable as a misdemeanor."

*Held,* that chapter 257 of the Laws of 1874 required the making of the oath, not
in the defendant's official, but in his personal, capacity, and that the omission
to make the oath was his individual, and not his official, omission.

That the law did not require the defendant to make the oath, but left it optional
with him, suspending his right to receive a salary until he should do so.

That the wrong done by the defendant consisted not in the omission to take the
oath, but in his receiving his salary before his right to receive it was complete.

APPEAL by the People of the State of New York, from a judg-
ment rendered at the Court of Sessions, in and for the county of
Saratoga, on the 28th day of May, 1890, sustaining demurrers
interposed by the defendant to two indictments charging that the
defendant, being the superintendent of public works in and for
the village of Saratoga Springs, willfully omitted to make oath and
execute an affidavit that he had not been interested pecuniarily
in any contract, work, materials or other matter connected with his
official duties, as prescribed by chapter 257 of the Laws of 1874,
before receiving a portion of his salary or compensation, as provided
for by section 5 of said chapter 257 of the Laws of 1874, as such
superintendent of public works.

The first indictment contains one count and recites that the grand
jury " accuse Benjamin Ryall of the crime of willful omission to
perform a public duty enjoined by law upon a public officer com-

mitted as follows: The said Benjamin Ryall, on the fifth day of February, in the year of our Lord one thousand eight hundred and ninety, at the town of Saratoga Springs, in the county of Saratoga aforesaid, being the superintendent of public works in and for the village of Saratoga Springs, Saratoga county, New York, duly appointed by the trustees of the village of Saratoga Springs, and as such, being a public officer and a person holding a public trust and employment, willfully omitted to make oath and execute an affidavit that he had not been interested pecuniarly in any contract, work, materials or other matter connected with his official duties as prescribed by chapter 257 of the Laws of 1874, before receiving a portion of his salary or compensation provided for by section 5 of said chapter 257 of Laws of 1874, as such superintendent of public works, to wit, the sum of two hundred dollars received by him on that day, contrary," etc.

The second indictment consists of two counts, the first of which is in the same words as the above, except that the omission is charged with respect to his salary received on the 12th day of August, 1889. The second count is, in substance, the same as the first, except that his appointment to and acceptance of the office are more fully set forth.

*T. F. Hamilton*, district attorney, for the appellant.

*John Foley*, for the respondent.

LANDON, J.:

The indictments are under section 154, Penal Code, which is as follows: " Omission of duty by public officer. — Where any duty is or shall be enjoined by law upon any public officer, or upon any person holding a public trust or employment, every willful omission to perform such duty, where no special provision shall have been made for the punishment of such delinquency, is punishable as a misdemeanor."

The office of superintendent of public works for the village of Saratoga Springs is created by chapter 257, Laws of 1874. His duties are prescribed by the act and are substantially as follows: He has charge of all the streets, sidewalks, alleys, bridges, culverts, etc., and if they are out of repair, it is his duty to fix them. It is his

duty to remove all obstructions from the streets, etc., to report to the board of trustees the condition of such streets, etc., and to do many other things connected with the streets, and he shall be personally responsible to the public for neglect of duty to the same extent as the commissioners of said village. He has a salary of $800.

The duty which he is charged with omitting is described in section 6: " Section 6. Before said superintendent shall receive any portion of his said salary or compensation, he shall make oath and execute an affidavit that he has not in any manner been interested pecuniarly in any contract, work, materials or other matter connected with his official duties, as prescribed by this act; which oath or affidavit shall be filed with the receiver of taxes and assessments of said town or village."

The indictments charge no omission of duty with respect to the streets. The only omission charged is the omission to make the oath and execute the affidavit prescribed in section 6. The making such oath and executing such affidavit cannot be done in an official capacity, but must be done by the defendant in his personal capacity. It is his conscience that is challenged. As an individual he knows whether as an officer he has done anything forbidden, and as an individual he must make oath. The omission to make the oath was his individual not his official omission. The law does not require the defendant to make the oath and execute the affidavit. It leaves that optional with him, and suspends his right to receive his salary until he shall make the oath and execute the affidavit. It follows that the wrong done consisted in defendant's receiving his salary before his right to receive it was complete. If that is a crime, it is not the one of which he is accused.

The judgments should be affirmed.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgments affirmed.