# COURT OF APPEALS,

## Oct., 1912

# THE PEOPLE v. CHARLES J. KNAPP.

### (206 N. Y. 373.)

(1.) APPEAL TO COURT OF APPEALS—CODE CRIM. PRO., § 519.

When the People appealed from an entire judgment rendered by the Trial Term and later from a part of the judgment rendered by the Appellate Division upon a demurrer to an indictment, the defendant was expressly authorized by statute to appeal from the remainder so that the soundness of the indictment could be determined as an entirety after one argument by a single judgment. (Code Cr. Pro., § 519, subd. 2.)

(2.) LIABILITY OF DIRECTORS OF TRUST COMPANIES—PENAL LAW, § 297.

There is no statute which requires the directors of a trust company to diligently and honestly administer its affairs. The common law requires it, but where the count in an indictment is for the alleged violation of a statute it cannot be upheld unless facts are set forth showing that a statute has been violated, since no act or omission is a crime except as prescribed by statute. (Penal Law, § 22; Penal Code, § 2.) Hence, a count in an indictment under section 297 of the Penal Law against a director of a trust company charging him with omitting, neglecting and refusing to honestly and diligently administer the affairs of the company must fall.

(3.) SAME.

When a corporation is forbidden to do an act. the prohibition extends to the board of directors to each director, separately and individually.

(4.) SAME—BANKING LAW.

The Banking Law should be construed in accordance with the obvious intention of the Legislature so as to permit flexibility and to prevent looseness in doing business. When the Legislature commanded that loans exceeding in the aggregate one-tenth of its capital stock should not be made by any trust company to any director, "directly or indirectly" (Banking Law, § 186, subd. 11), it did not intend to limit the prohibition to a director borrowing in his own name simply and not as a member of a firm.

(5.) SAME—CONSTRUCTION. OF INDICTMENT AGAINST DIRECTOR OF TRUST
    COMPANY FOR VIOLATION OF BANKING LAW.

    Defendant was a director of a trust company having a capital
    stock of $300,000, and also a member of a firm which borrowed money
    from the trust company. The second, third and fourth counts of an
    indictment against him charged violations of the Banking Law by
    permitting and procuring the trust company to make a loan to him-
    self and to his copartners in violation of the provisions of that law
    (Cons. Laws, ch. 2, § 27, and § 186, subd. 11). *Held*, that the indict-
    ment does not charge more than one crime within the meaning of
    sections 278 and 279 of the Code of Criminal Procedure, and that the
    demurrer must be overruled as to these three counts.

    *People v. Knapp*, 147 App. Div. 436, affirmed.

CROSS-APPEALS from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered De-
cember 14, 1911, which affirmed in part and reversed in part
an interlocutory judgment sustaining a demurrer to an indict-
ment charging a violation of section 297 of the Penal Law.

At the time named in the indictment the Binghamton Trust
Company was a moneyed corporation organized under the laws
of this State with its principal office and place of business in
the city of Binghamton. The defendant was a director of said
corporation and also a member of a copartnership composed of
himself and three others doing a private banking business under
the firm name of Knapp Brothers, Bankers. The capital stock
of the trust company was $300,000 all paid in and its surplus
did not exceed that amount. The indictment was for violating
section 297 of the Penal Law. It contained four counts which
alleged the facts already stated among others and by the first
count charged the defendant as such director with omitting,
neglecting and refusing to honestly and diligently administer
the affairs of said trust company in that he permitted, directed.
and procured it to lend, without lawful consideration and with-
out sufficient collateral security,. its money to the amount of·
$2,500 to the defendant and his associates as such copartners and
individually, although they then owed the trust·company more·

than $350,000 and were insolvent as such copartners and as individuals, " all of which the defendant well knew."

The second count charged the defendant as such director with willfully, knowingly and unlawfully permitting the trust company to violate section 27 of the Banking Law by allowing the amount owing it by said firm to exceed forty per centum of its actually paid-in capital stock and surplus, in that he did " willfully, knowingly and unlawfully order, direct, permit, advise and procure " the trust company to lend the said sum of $2,500 to said copartners when they were already indebted to the trust company in an amount exceeding $240,000, " all of which the defendant well knew."

The third count charged the defendant with violating subdivision 11 of section 186 of the Banking Law, by permitting the trust company " to make a loan to a director of said company, to wit, to said Charles J. Knapp, without the consent of a majority of the directors of said Binghamton Trust Company," by lending said sum of $2,500 to said firm.

The fourth count charged the defendant with permitting the trust company to violate the subdivision last named by allowing it " to make a loan exceeding in amount one-tenth of the capital stock of said The Binghamton Trust Company, to a director of said The Binghamton Trust Company, to wit, to Charles J. Knapp," in that the defendant as such director " did then and there willfully, knowingly and unlawfully order, direct, permit, advise and procure said The Binghamton Trust Company " to lend to the defendant and his associates as such copartners said sum of $2,500, although they were then indebted to the trust company to an amount exceeding $30,000, " all of which he, the said Charles J. Knapp, then and there well knew."

The statutes regarded by the parties as material are as follows:

" The affairs of every such corporation shall be managed and its corporate powers exercised by a board of directors of such

number, not less than thirteen nor more than thirty, as shall from time to time be prescribed in its by-laws. * * * Each director when appointed or eletced shall take an oath that he will, so far as the duty devolves on him, diligently and honestly administer the affairs of such corporation and will not knowingly violate, or willingly permit to be violated, any of the provisions of law applicable to such corporation, * * * ." (Banking Law [Cons. Laws, chap. 2], § 195.)

" Restrictions. 1. No bank or trust company shall make any loans to any person, company, corporation or firm, to an amount exceeding the one-tenth part of its capital stock, actually paid in, and surplus; provided, however, that a bank or trust company having its principal place of business in a borough in any city of the State, which borough had, according to the last preceding State or United States census, a population of eighteen hundred thousand or over may loan to any person, company, corporation or firm, a sum not exceeding twenty-five per centum of its capital stock actually paid in and surplus and a bank or trust company having its principal place of business elsewhere in the State forty per centum of its capital stock actually paid in and surplus upon security worth at least fifteen per centum more than the amount of the loans; * * * provided further, however, that with the exception of the liability of the United States, of this State, or of any county or incorporated city of this State the total liability of any person, company, corporation or firm to a bank or trust company shall not exceed twenty-five per centum of the actually paid in capital stock and surplus of any such bank or trust company having its principal place of business in a borough in any city in the State, which borough had, acording to the last preceding State or United States census, a population of eighteen hundred thousand or over and shall not exceed forty per centum of the actually paid-in capital stock and surplus of any such bank or trust company having its principal place of business elsewhere in the State." (Banking Law, § 27.)

"No loan exceeding in amount one-tenth of its capital stock, shall be made by any such corporation, directly or indirectly, to any director or officer thereof and no loan to such director or officer shall be made without the consent of a majority of the directors." (Banking Law, § 186, subd. 11.)

"Every director of a money corporation who: * * * 2. Willfully does any act as such director which is expressly forbidden by law, or willfully omits to perform any duty imposed upon him as such director by law, is guilty of a misdemeanor * * *." (Penal Law [Cons. Laws, Chap. 40], § 297.)

The defendant demurred upon the grounds, "First, that the said indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Civil (sic) Procedure of the State of New York in that the said indictment does not contain a plain and concise statement of the act or acts constituting the crime without unnecessary repetition. Second, that the facts stated in said indictment do not constitute a crime. Third, that more than one crime is charged in the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure of the State of New York."

The demurrer was sustained by the Trial Term as to each count partially upon the ground, as stated by the justice presiding in his opinion, that if the demurrer were overruled an appeal by the defendant could be heard only after trial and conviction, whereas if it were sustained an immediate appeal could be brought by the people. He was of the opinion that "the validity of this class of indictments should be determined before all the labor and expense involved in the trial has been had, which, in the event of the indictment being ultimately held invalid, would go for naught."

The people appealed to the Appellate Division, which affirmed the judgment of the Trial Term as to the first count in the indictment and reversed it as to the other three. The people

appealed to this court from so much of the order of the Appellate Division as sustained the demurrer to count 1 and the defendant appealed from so much of said order as overruled the demurrer to counts 2, 3 and 4.

*Frederick J. Meagher,* District Attorney, for the people, respondent and appellant. The facts stated in count 1 constitute a crime. (Penal Law, § 297; Cons. Laws, chap. 2, § 195; People v. Knapp, 147 App. Div. 436; People v. Meakim, 133 N. Y. 214.) It is a crime for a director of a trust company to willingly permit the company to violate the provisions of subdivision 1 of section 27 or of subdivision 11 of section 186 of the Banking Law. (Penal Law, § 297.) The indictment sufficiently apprises the defendant of the charge which he is to meet. (People v. Helmar, 154 N. Y. 596; Code Crim. Pro., §§ 284, 285, 684; People v. Lammerts, 164 N. Y. 137.) A loan to a copartnership of which a director is a member is a loan to the director. (Bank Comrs. v. Bank of Buffalo, 6 Paige, 497.)

*Thomas J. Mangan* and *Frank J. Mangan,* for defendant, appellant and respondent. The demurrer to each count of the indictment was properly sustained, for the reason that none of said counts or any portion of said indictment contains a plain, concise statement of the act or acts constituting the crime without unnecessary repetition. (People v. Corbalis, 178 N. Y. 516; People v. Wise, 3 N. Y. Cr. Rep. 310; People v. Helmer, 154 N. Y. 596; People v. Dumar, 106 N. Y. 502; People ex rel. Shuler v. Schatz, 50 App. Div. 544; People v. Gilkinson, 4 Park. Cr. Rep. 26.) The demurrer interposed as to the counts 1, 2, 3 and 4 of the indictment was properly sustained, since the same failed to state that the defendant had been guilty of any act which, as a director, he was expressly forbidden by law to do or that he willfully omitted to perform any duty imposed upon him by any statute of the State of New York. (People v. Ryall, 58 Hun, 235; Fisher v. Murdock, 13 Hun, 485; Perkins v. Smith, 116 N. Y. 441; Matter of Ehrsam, 37 App. Div. 272;

Stephenson v. Higginson, 3 H. L. Cas. 638; Suburban R. C. Co. v. Mayor, etc., 128 N. Y. 510; Matter of Rochester Water Com., 66 N. Y. 413; West v. Valley Bank, 6 Ohio St. 168; Menagh v. Whitewell, 52 N. Y. 146; Bulger v. Rosa, 119 N. Y. 459; Case v. Beauregard, 99 U. S. 119; Forsyth v. Woods, 11 Wall. 484.)   The indictment in all its counts fails to state facts showing that the defendant has violated section 297 of the Penal Law. (Brinckerhoff v. Bostwick, 99 N. Y. 185; People v. Santa Clara Lumber Co., 55 Misc. Rep. 507; People v. Hislop, 77 N. Y. 335; People v. Phyfe, 136 N. Y. 554; People v. Stone, 85 Hun, 135; Sherwin v. People, 100 N. Y. 362.)

VANN, J.:

As a suggestion is made in relation to the right of the defendant to appeal we will dismiss the subject by saying that the Legislature in providing against delay through preliminary appeals by the defendant, did not intend that the sufficiency of an indictment should be passed upon in sections, a part before and a part after final judgment.   When the people appealed from the entire judgment rendered by the Trial Term and later from a part of the judgment rendered by the Appellate Division, the defendant was expressly authorized by statute to appeal from the remainder so that the soundness of the indictment could be determined as an entirety after one argument by a single judgment.   (Code Cr. Pro., § 519, subd. 2.)

The first count of the indictment must fall because there is no statute which requires the directors of a trust company to diligently and honestly administer its affairs.   The common law requires it, but this count is for the alleged violation of a statute and it cannot be upheld unless facts are set forth showing that a statute has been violated.   Mindful of this necessity the people try to make a statutory command out of the promise made by a director in the oath of office which he is required to take and file before entering upon his duties.   As said by the learned Appel-

late Division: " The defendant is charged with the commission
of a crime because he willfully omitted to do what he said he
would do when he took his oath of office as director." A promise
through an official oath to diligently and honestly administer
the affairs of a corporation is not a command by the Legislature
to thus administer them, so as to meet the requirements of sec-
tion 297 of the Penal Law. A promise to do or omit is not a
command by the Legislature to do or omit, even when the form
of the promise is prescribed by statute. Although it is the duty
of directors to so administer, the duty is not created by statute,
but springs from the common law. The duty of taking an oath
was prescribed by statute, but that duty the defendant per-
formed. The duty of honest administration was not prescribed.
The question is not whether the defendant violated his oath, but
whether he willfully did an act expressly forbidden by law or
willfully omitted to perform a duty imposed upon him by law,
which means an act required or an omission forbidden by stat-
ute. (Brinckerhoff v. Bostwick, 99 N. Y. 185, 190.) The
wrong done was the failure to obey the common law while the
wrong charged was the failure to obey some statute when no
statute commanded obedience.

There is a distinction between negligence for which a person
is civilly liable and that for which he is criminally liable. Ac-
cording to the Penal Law no act or omission is a crime except as
prescribed by statute. (Penal Law, § 22; Penal Code, § 2.)
There is no longer any common-law crime in this State. The
bare neglect of a legal duty is not a crime unless some statute
so prescribes, although if such negligence caused special injury
to an individual he would have his common-law action for the
recovery of damages. Formerly whenever a legal duty of a
public nature was imposed either by statute or common law a
neglect of that duty was indictable, but this has not been the
law, except where specially prescribed by statute, since the en-
actment of section 22 of the Penal Code. Where any duty is

enjoined by law upon any public officer, a willful omission to perform such duty is punishable as a misdemeanor, unless made punishable otherwise by some special provision of statute. (Penal Law, § 1857; Penal Code, § 154.) The defendant, however, was not a public officer and was not indicted for neglect of duty as such. The count under consideration was for neglect of duty as director of a trust company and there is no statute making such neglect a crime.

As to the remaining counts the defendant insists that the command that a corporation shall not do a certain act is not a command that the directors shall not do the act. A corporation, however, is a mere conception of the legislative mind. It exists only on paper through the command of the Legislature that its mental conception shall be clothed with power. All its power resides in the directors. Inanimate and incapable of thought, action or neglect, it cannot hear or obey the voice of the Legislature except through its directors. It can neither act nor omit to act except through them. Hence a command addressed to a corporation would be idle and vain unless the Legislature in directing the corporate body, acting wholly by its directors, to do a thing required or not to do a thing prohibited, meant that the directors should not make or cause the corporation to do what was forbidden, or omit to do what was directed. We think, as the Appellate Division held, that when the corporation itself is forbidden to do an act, the prohibition extends to the board of directors and to each director, separately and individually.

The defendant further claims that the loan was not made to a director of the trust company, but to a firm of which he was a member, and that the firm was a separate entity. This position overlooks the nature and effect of the obligations of copartners to their creditors. As was recently said by Judge Chase: " The acts performed in the name of a partnership cannot ordinarily be considered apart from the persons composing it. A partnership is not like a corporation, which is a legal entity having cer-

tain rights and subject to defined liabilities. It has no independent existence. It has a name by which individuals conduct a joint business and in which there are accounts as such kept; and through which certain established equitable rights in marshalling assets are acquired. This court, in Jones v. Blum (145 N. Y. 333), referring to a partnership, say: ' It has been often pointed out that a partnership cannot properly be regarded as a legal entity separate and distinct from the several partners therein. For certain purposes this fiction may be very properly indulged. In keeping partnership accounts and in marshalling the assets of an insolvent or liquidated firm this is constantly done.' " (Matter of Peck, 206 N. Y. 55, 60.) The promise of a partnership is joint as to all the members and several as to each. As between the partners themselves the assets are marshalled in equity so that joint assets are first used in the payment of joint debts and several assets in the payment of several debts. This rule, however, does not bind creditors, who may select any partner and collect their claims wholly from the property of that partner. Therefore, when the trust company made a loan to the firm of Knapp Brothers all the members of the firm became liable jointly and each member thereof became liable severally to pay the debt. Regardless of the form of the transaction the loan was made to all and to each in the theory of law. The Banking Law should be construed in accordance with the obvious intention of the Legislature so as to permit flexibility and to prevent looseness in doing business. The prime object is to protect the public, including depositors, and after that to enable the stockholders to secure a fair return from their investment. Banking institutions are not created for the benefit of the directors. While directors have great powers as directors, they have no special privileges as individuals. They cannot use the assets of the bank for their own benefit except as permitted by law. Stringent restrictions are placed about them so that when acting both for the bank and for one of themselves at the

same time, they must keep within certain prescribed lines regarded by the Legislature as essential to safety in the banking business. Hence, when the Legislature commanded that loans exceeding in the aggregate one-tenth of its capital stock should not be made by any trust company to any director, " directly or indirectly," it intended to include such transactions as the one here involved. It did not mean to limit the prohibition to a director borrowing in his own name simply and not as a member of a firm. As was said by Chancellor Walworth under different but somewhat similar circumstances: " If a loan or discount is knowingly made for the benefit of a director, or of a firm with which he is connected in interest or as a copartner, it is a loan or discount to him, within the intent and meaning of the Legislature, although the name of the director of this firm does not appear upon the dicounted paper, or he does not guaranty the payment of the loan." (Bank Comrs. v. Bank of Buffalo, 6 Paige, 497, 506.)

The indictment does not charge more than one crime within the meaning of sections 278 and 279 of the Code of Criminal Procedure. It charged but one act, the making of a single loan of $2,500 to the firm of Knapp Bros., composed of the defendant and others, but the crime was alleged in different counts to have been " committed in a different manner or by different means." The single act complained of constituted different crimes and " such crimes may be charged in separate counts," as expressly permitted by section 279, " so as to meet the evidence which might be presented on the trial." (People v. Rugg, 98 N. Y. 537, 549, 3 N. Y. Crim. 172; People v. Wilson, 151 N. Y. 403, 408, 12 N. Y. Crim. 116.)

The indictment was sufficient in form to satisfy the requirements of sections 275 and 276 of the Code of Criminal Procedure. It does not charge that the defendant permitted or procured the act to be done, but that he permitted the act to be done by allowing and procuring it to be done. A person permits an

act when he does not prevent it, although within his power and duty, or by actually doing it himself. Nor was it necessary to allege specifically in what precise manner he willfully permitted the act which was prohibited. According to the indictment he willfully permitted a certain loan, by allowing and procuring the loan to be made, but it does not allege how he procured it, whether by voting for it, or by influencing others to vote for it. The particulars constituting the offense are matter of evidence which need not be set forth. In an indictment for burglary it is sufficient to allege that the defendant " did break and enter " a certain building without alleging that he broke down the front door with a sledge hammer and thus went in, or that he climbed up to a window on a ladder, pried up the window with a jimmy, and thereby effected an entrance. (2 Bishop's Crim. Pro., §§ 129, 140.)

The order appealed from should be affirmed.

CULLEN, Ch. J., HAIGHT, HISCOCK, CHASE and COLLIN, JJ., concur; WILLARD BARTLETT, J., not voting.

Order affirmed.