## MARTIN SAXE, Trustee, Plff.,

### *v.*

## HENRY W. DOOLEY ET AL., Dfts.

---

San Juan, Law, No. 1051.

**INDIVIDUAL MEMBERS OF FOREIGN PARTNERSHIP.**

Suit Against Partnership—Individuals.

    1. Where a suit is brought against certain named persons, adding,

"doing business under a certain name," it is a suit against the individuals, and not against the firm.

Federal Court—Foreign Jurisdiction.

    2. A Federal court will, in support of its jurisdiction, disregard elements of the case which show that there is also a jurisdiction in some other forum. Suit against individuals in a Federal court will not be affected by the fact that there might be a suit against a partnership of which they are members in a foreign jurisdiction.

Partnership Assets—Foreign Jurisdiction.

    3. The partners both at common and civil law are individually liable for the firm debts, and an equity may arise to have partnership assets marshaled so as to pay partnership debts before resort is had to that of the partners. But if the partnership assets are in a foreign jurisdiction, it is as if there were no partnership assets involved. In such cases the individual partners within the jurisdiction are liable as upon a joint undertaking.

Opinion filed April 3, 1915.

---

*Mr. Willis Sweet* for defendant.

*Mr. Louis Banigan* for plaintiff.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case is brought by Martin Saxe as trustee in bankruptcy of Dooley, Smith, & Company, claiming to be a foreign corporation organized and existing under the laws of New York. The complaint alleges that this firm was so adjudged a bankrupt July 1, 1914, in the district court of the United States for the southern district of New York, and plaintiff shortly thereafter was duly elected trustee in bankruptcy. That between December 31, 1908, and January 1,

Saxe v. Dooley.

1914, defendants Henry W. Dooley and Percey L. Ray and Norville P. Nichols, copartners, doing business under the firm name of Dooley, Ray, & Nichols, had a running account with Dooley, Smith, & Company, and that, on January 1, 1914, there remained a balance due from said defendants to Dooley, Smith, & Company of $59,539.10, of which $55,666.31 was erroneously charged off without payment. Defendants file an answer and admit that they did business in Havana under the name of Doley, Smith, & Company, and deny that they have done business as Dooley, Ray, & Nichols, and aver that said Havana firm is in process of liquidation in Havana, said Ray being the trustee. Defendants accordingly claim that this court is without jurisdiction to render a judgment either against said Havana firm or the individual members. Thereupon the plaintiff demurs that the answer does not state facts to sufficiently constitute a defense. The demurrer is general, but no point is raised on that ground.

1. The facts present the unusual case of the trustee of bankrupt New York corporation suing in Porto Rico the individuals making up a Cuban firm, and seeking to subject individual assets in Porto Rico. The defendants contend that this cannot be done.

It is a settled practice in this court to treat a suit brought against certain named persons, adding, "doing business under a certain name," as being one against individuals. There may be cases in which the firm as such can be sued under the local law, but where the defendants are described as in this case, it is a suit not against the firm, but against the individuals. The addition is in the nature of *descriptio personæ*. Torres v. Rubert y Catala, 6 Porto Rico Fed. Rep. 551. If the de-

scription is inaccurate, as claimed here, advantage must be taken on the proof, not on demurrer.

2. A Federal court will, moreover, in support of its jurisdiction, disregard elements which show a jurisdiction also in some other forum. If there are enough parties before the court to carry on the proceeding, it is not material that there are other persons who are interested, but who do not come in and cannot be brought in. The fact that there might be a suit brought against the Havana firm in Cuba does not deprive this court of any jurisdiction which it may have as to suit against individuals here. For the purposes of the Federal court, it is the same as if there was no partnership in existence anywhere.

3. The court judicially knows that the civil law prevails in Cuba as well as in Porto Rico, but it has not been shown that this law differs from the common law in regard to the individual liability of its members. It is true that a partnership under the civil law is regarded per se more like an individual than it is at common law, except under the bankruptcy statutes. But under both systems it is only an association of certain individuals to transact a certain business, and, except where changed by statute, these individuals are each liable to the full extent of his property for the debts of the joint concern. 1 Lindley, Partn. p. 200; People v. Knapp, 206 N. Y. 373, 99 N. E. 841, Ann. Cas. 1914B, 243; Parsons, Partn. 4th ed. 336; McCulloch v. Judd, 20 Ala. 703.

The civil law also in the Code of Commerce makes partners individually liable for firm debts. Art. 127. This usually comes up collaterally in partnership matters, as when it is held that partnership creditors may subject property belonging

Saxe v. Dooley.

to and in the name of a managing partner. Martinez v. Registrar of Property, 15 P. R. R. 643. The recent adoption (1904) of an American Code of Civil Procedure makes Spanish decisions unavailable on such a question as the liability of a partner in a separate suit; but there is no question of the obligation, and so the action must follow at civil as at common law.

It is perfectly true that an equity may arise to have the assets of the partnership marshaled, so as out of them to pay first the partnership debts before subjecting property of the individual members. This, however, is a rule of equity which depends upon there being partnership assets which can be marshaled. If the partnership assets are outside the jurisdiction, it is the same for judicial purposes as if there were no partnership assets. Where there are individual assets within the jurisdiction, this court will not send creditors, who have a right to exhaust them, primarily or secondarily, outside of the jurisdiction to pursue any possible remedies. The creditor may even select some of the joint debtors for suit, and leave all questions of contribution to be settled between the partners themselves. 1 Lindley, Partn. 200.

It is perfectly true that a partnership for some purposes can be treated as an entity, even with the power to sue its individual members. Re Bertenshaw, 17 L.R.A.(N.S.) 886, 85 C. C. A. 61, 157 Fed. 365, 13 Ann. Cas. 986. But this is as between the partnership and its members. In bankruptcy a partnership is treated as distinct from its members. The partnership may be bankrupt and the members be perfectly solvent; this, however, is only by operation of express legislation, and indeed provision is there made for subsequent proceedings against the individual partners themselves, except

in the case of limited partnerships. Apart from these cases, the individual partner is liable as upon a joint undertaking. As regards creditors, either the individuals or the partnership may be sued, as seems more convenient. In this case the creditor has elected to sue the individuals for jurisdictional as well as other reasons. In this he is only exercising his legal rights.

Under the bankruptcy law the individual partner is considered as a surety or indorser for the firm; but in general he may be treated as originally liable for its debts, or rather for his debt made by his partners as his agents *pro hac vice*.

It follows that the demurrer to the answer must be sustained, and it is so ordered.