THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH A. McCANN, Defendant.

Court of General Sessions, New York County, June 6, 1934.

*James Garrett Wallace, Assistant District Attorney*, for the People, in opposition.

*James D. C. Murray*, for the defendant, in support of demurrer.

BOHAN, J.   The defendant, Joseph A. McCann, demurs to the indictment filed against him by the grand jury of the county of New York on the 2d day of April, 1934, charging him with the crime of willfully omitting to perform a duty enjoined by law upon him as a public officer, on the grounds set forth in sections 275 to 279 of the Code of Criminal Procedure and further on the ground that the facts stated do not constitute a crime.   The indictment charges, briefly, that, at all times mentioned, the defendant was a public officer, to wit, warden of the department of correction of the city of New York, duly assigned and appointed as warden of the New York County Penitentiary, and that he had under his command and subject to his directions and orders a deputy warden, head keepers, keepers, doctors, clerks and other employees for the purpose of enabling him to properly and efficiently perform his duty as such warden; that the defendant, among other things, was charged with the duty of enforcing certain rules and regulations of the department of correction concerning the discipline among the persons committed, and their safety and welfare, to exercise supervision of its officers, property and operation, and to obey and cause to obey the rules and regulations of the department of correction as promulgated on January 1, 1930, and then and at all times hereinafter mentioned in force.   The indictment further alleges that on or about the 15th day of April, 1932, down to and including the 26th day of January, 1934, there were open, continuous and notorious breaches of discipline and violations of the rules and regulations of the department of correction committed in said penitentiary as to each duty aforesaid charged.

A serious question presented here is whether or not the facts stated in the indictment constitute a crime.

The question presented is whether a willful omission to perform a duty prescribed by the rules and regulations of the department of correction is a willful omission to perform a duty enjoined by law so as to render the offender guilty of a misdemeanor in violation of section 1841 or 1857 of the Penal Law.

The commissioner of correction of the city of New York, by statute (Greater New York Charter [Laws of 1901, chap. 466], § 694), has the power to " establish rules and regulations for the administration of the department and government of the institutions under his control."

Pursuant to such authority, rules, regulations and procedure were established and promulgated by the commissioner of correction on January 1, 1930.

Each act of willful neglect or willful omission of duty charged in the present indictment is an act in violation of said rules and regulations. The question to be decided upon this demurrer is not whether the indictment charges that the defendant willfully violated the rules and regulations of the department of correction of the city of New York, but whether the indictment charges that the defendant willfully omitted to perform a duty imposed upon him by law.

A duty " enjoined by law " is a duty imposed by statute, and a duty enjoined by the rules and regulations of the department of correction is not a duty enjoined by law. (*Brinckerhoff* v. *Bostwick*, 99 N. Y. 185.)

In the case of *People* v. *Knapp* (206 N. Y. 373) the first count of the indictment charges the defendant, as a director of a trust company, with omitting, neglecting and refusing to honestly and diligently administer the affairs of said trust company, in that he permitted, directed and procured it to lend, without lawful consideration and without sufficient collateral security, its money to the amount of $2,500, to the defendant and his associates, although they then owed the trust company more than $350,000 and were insolvent. The Court of Appeals, VANN, J., writing for the court, said: " The question is not whether the defendant violated his oath, but whether he willfully did an act expressly forbidden by law or willfully omitted to perform a duty imposed upon him by law, which means an act required or an omission forbidden by statute."

In my opinion, under the authorities of *People* v. *Knapp* (*supra*) and *Brinckerhoff* v. *Bostwick* (*supra*), this indictment fails to set forth facts sufficient to constitute violations of sections 1841 and 1857 of the Penal Law in that the indictment is based on the assumption that the rules and regulations of the department of correction have the force and effect of law. These rules and regulations are not statutes, nor can they, in charging a crime, have the force of statutes.

A willful neglect or omission of duty enjoined by the rules and regulations of the department does not of itself constitute a crime in violation of section 1841 or 1857 of the Penal Law. (*People* v. *Herlihy*, 35 Misc. 711.)

For other cases holding that in order to constitute a crime in violation of sections 1841 and 1857 of the Penal Law, the indictment must specifically charge a neglect or omission of duty enjoined by statute, see *People* v. *Ryall* (58 Hun, 235); *Hall* v. *People* (90 N. Y.

498); *People* v. *Kane* (161 id. 380) and *People ex rel. Allen* v. *Welles* (14 Misc. 226).

Nowhere in the brief of the district attorney has it been pointed out that the rules prescribed by any department have the force and effect of law where the Legislature has not specifically conferred this power. On the contrary, where this power has been conferred, the Legislature has used the following language: " The rules prescribed * * * pursuant to * * * this act * * * have the force and effect of law," as for example, The State Civil Service Commission Board (Laws of 1899, chap. 370, § 6, par. 1, p. 797).

The names of sixty-four witnesses appear upon the indictment and the court is informed that the issues herein presented could not be tried short of six weeks. In addition there are pending in this court three other indictments of a similar character, each of which would require for trial almost the same amount of time. The validity of such an indictment should be determined prior to trial. The defendant cannot appeal from an order overruling the demurrer, while the People can appeal from an order sustaining it. A precedent under similar circumstances was set by the trial court in *People* v. *Knapp* (206 N. Y. 373), where the following statement was made by the Court of Appeals: " The demurrer was sustained * * * partially upon the ground, as stated by the justice presiding in his opinion, that if the demurrer were overruled an appeal by the defendant could be heard only after trial and conviction, whereas if it were sustained an immediate appeal could be brought by the People. He was of the opinion that ' the validity of this class of indictments should be determined before all the labor and expense involved in the trial has been had, which, in the event of the indictment being ultimately held invalid, would go for naught.' "

Demurrer allowed with leave to resubmit.