172 N.J. Super. 72 (1979)
410 A.2d 1173
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT G. DUBLE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 18, 1979.
Decided October 2, 1979.
*73 Before Judges LORA, ANTELL and PRESSLER.
Cascone & Hofing, attorneys for appellant (Howard Felsenfeld on the brief).
John J. Degnan, Attorney General of New Jersey, attorney for respondent (Mary Ann Kenny Pidgeon, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by ANTELL, J.A.D.
Defendant, a police officer of the City of Trenton, was charged in a two-count indictment with unlawful possession of a controlled dangerous substance, N.J.S.A. 24:21 20(a)(1), and neglect of official duty, N.J.S.A. 2A 135 1. Both charges arose from an incident on the street in which defendant took possession of a deck of heroin which was later found in his private locker. He was acquitted of unlawful possession, but convicted of neglect of official duty. He appeals the conviction.
*74 The statute under which the indictment was returned declares it to be punishable as a misdemeanor for any public officer wilfully to refuse or neglect to perform any duty "imposed upon him by law." The indictment charges that defendant, being a public officer serving the police department of the City of Trenton,
... having the duty to submit written reports of any investigation in which he participates, did unlawfully and wilfully in violation of the aforesaid duty, neglect to file written reports relating to his participation in a narcotic investigation.
The duty to file written reports for members of the Trenton Police Department is said to be found in certain rules and regulations governing the operation of the police department which were approved by resolution of the Trenton City Commission in December 1949. In the words of the Trenton Director of Public Safety who testified as a witness
... They cover areas of discipline and areas of working capacity of various officers. They deal particularly with the do's and don'ts of police officers, how they should conduct themselves on duty and off duty.
Pertinent hereto is Rule 36, § 31 which requires that following an investigation an investigating officer "will submit a written report as soon as practicable to his Commanding Officer."
Among other contentions, defendant argues that the duty created by the foregoing regulation is not one which was imposed upon him "by law," within the meaning of N.J.S.A. 2A:135-1. We agree. The rule in question is purely administrative in character, affecting only the internal operation of the department and the conduct of its members. For breach thereof disciplinary proceedings may be available. Jansco v. Waldron, 70 N.J. 320 (1976). But it was never intended that such should be prosecuted by indictment under the criminal statute. To conclude otherwise would authorize department heads and municipal *75 governing bodies to create broad classes of indictable offenses chargeable against public officers merely by administrative regulations covering the most commonplace and inoffensive forms of conduct and agency procedure.
We base our conclusion not only upon the settled principle that a municipal resolution, unlike an ordinance, is not a law, In re Hague, 104 N.J. Eq. 31, 63 (Ch. 1929), aff'd 104 N.J. Eq. 369 (E. & A. 1929); 5 McQuillin, Municipal Corporations (1969 rev. ed.), § 15.02 at 42-47, but also on the proposition that the duty contemplated by N.J.S.A. 2A:135 1 must be found either in the statutory or common law of the state. It has long been recognized that in the substantive sense the term law "when used without restriction or qualification, refers to the public law of the state." In re Hague, supra at 63. In fact, it has been specifically held elsewhere that willful neglect of duties created by departmental rules and regulations does not suffice to hold a public official criminally answerable for neglecting a duty "enjoined by law", and that to be punishable the official's neglect must concern duties created by statute or found in the common law. People v. Mackell 47 A.D.2d 209, 366 N.Y.S.2d 173, 181 (App.Div. 1975), aff'd 40 N.Y.2d 59, 386 N.Y.S.2d 37, 351 N.E.2d 684 (1976); People v. McCann, 151 Misc. 792, 273 N.Y.S. 839 (Gen.Sess. 1934), aff'd 242 App.Div. 515, 275 N.Y.S. 887 (1934). Since we regard the foregoing views as being soundly reasoned, the conviction under review is found to be supported neither by the proofs nor by an indictment which charges a crime.
Reversed.