203 N.J. Super. 178 (1985)
496 A.2d 375
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID PLEVA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 18, 1985.
Decided July 16, 1985.
*181 Before Judges MICHELS and PRESSLER.
Steven H. Gifis argued the cause for appellant.
Robin R. Parker, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; William P. Krauss, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Following plea negotiations defendant David Pleva conditionally pleaded guilty to two counts of an indictment charging him with giving false information in completing the certificate required by law in purchasing or otherwise acquiring delivery of a .22 caliber Marlin rifle (First Count) and a 20 gauge Stevens shotgun (Second Count). The State, for its part of the plea agreement, recommended the dismissal of certain unrelated drug offenses charged in another indictment. The trial court merged the two convictions and placed defendant on probation for two years conditioned on his serving 60 days in the Morris County Jail. Defendant was permitted to serve the 60 days at any time during the two year probationary period provided that he gave the court at least two weeks notice and the court consented to the same. In addition, defendant was assessed a penalty of $25, payable to the Violent Crimes Compensation Board. Defendant appeals.
A brief review of the factual background and the procedural history giving rise to this appeal is helpful to understanding its resolution. On June 6, 1981, defendant purchased a .22 caliber Marlin rifle, Model 39A, and a 20 gauge Stevens shotgun, Model 311, from the Denville Sports Center on Route 46 in *182 Denville, New Jersey. In accordance with New Jersey and federal law defendant completed a Firearms Transaction Record (Form 4473) for the Department of the Treasury's Bureau of Alcohol, Tobacco and Firearms and a New Jersey Certificate of Eligibility before making each purchase.
On each of the state certification forms defendant certified that he had not become subject to any of the disabilities set forth in N.J.S.A. 2C:58-3 since obtaining his firearms purchaser identification card, including that he had not become a "drug dependent person." See N.J.A.C. 13:54-5.8. In like manner defendant answered "no" to the question on the federal form which asked whether he was "an unlawful user of, or addicted to, marijuana, or a depressant, stimulant, or narcotic drug."
An investigator for the Morris County Prosecutor's Office learned of defendant's purchases about a year later during the course of an investigation in connection with a separate indictment filed against defendant by the Morris County Grand Jury charging him with a variety of drug-related offenses. The investigator also had in his possession a handwritten statement defendant had given to the police following his arrest on February 18, 1981, in Warren County for possession of quaaludes. In that statement defendant admitted that he "did smoke a small amount of hash and then took some valium."
The investigator apparently obtained the state and federal forms defendant had completed when he purchased the rifle and shotgun and while examining those instruments noted that defendant had denied using drugs. The investigator concluded that defendant had falsely responded to the questions related to drug use on the federal and state forms and had thereby violated N.J.S.A. 2C:39-10c. To confirm that defendant had purchased his weapons at the Denville Sports Center the investigator arranged for the shop's owner to view a photo line-up. The owner could not positively identify defendant from the photos because "he sells many weapons in a year's time." However, he confirmed that defendant had purchased the weapons *183 in the shop because the number on defendant's New Jersey Firearms I.D. card, a copy of which the investigator showed the shop owner, matched the identification numbers on the state and federal forms defendant had completed at the time of his purchases.
The Morris County Grand Jury subsequently indicted defendant and charged him with two counts of violating N.J.S.A. 2C:39-10c when he purchased the weapons on June 6, 1981. At the plea hearing below defendant agreed to enter pleas of guilty to both counts of the indictment but conditioned his pleas on the resolution of a question of law concerning the interpretation of N.J.S.A. 2C:39-10c. That provision proscribes the giving of "false information ... in completing the certificate or any instrument required by law in purchasing or otherwise acquiring delivery of any rifle, shotgun, handgun, machine gun, or any other firearm...." [Emphasis supplied]. Defendant contends that the underlined portion of the statute refers only to falsifying answers on state instruments but not on federal instruments.
For purposes of his plea defendant conceded at the plea hearing that he had engaged in "the occasional use of marijuana, depressant[s] and stimulants." However, he denied being a "drug dependent person" within the meaning of N.J.S.A. 24:21-2 and accordingly argued that he had not falsified his response to New Jersey's Certificate of Eligibility. Assuming that N.J.S.A. 2C:39-10c refers only to state instruments and not federal, defendant argued that even though he had falsely responded to the question concerning drug use on the federal Form 4473 he had committed no offense under New Jersey law and that his guilty pleas lacked a sufficient factual basis.
At the sentencing hearing the trial court ruled against defendant, holding "that the federal form ... is in fact required in connection with the purchasing or otherwise acquiring delivery of the kind of guns that were involved in the ... indictment." The trial court accordingly accepted defendant's pleas *184 of guilty to the two counts of N.J.S.A. 2C:39-10c, conditioned upon the defendant's appeal of the trial court's ruling to the Appellate Division. See R. 3:9-3(f).
Defendant now seeks a reversal of his convictions and the vacation of his guilty pleas, mainly contending that his conditional guilty pleas to the two counts of violating N.J.S.A. 2C:39-10c lacked an adequate factual basis, thereby warranting the reversal of his convictions. Although defendant continues to deny that he falsely completed the New Jersey Certificates of Eligibility, he concedes that he falsified his response to the drug-related questions on the federal Firearms Transaction Record. The pivotal issue, therefore, is whether the proscription in N.J.S.A. 2C:39-10c against persons giving "any false information ... in completing the certificate or any other instrument required by law in purchasing or otherwise acquiring delivery of any rifle, shotgun, handgun, machine gun, or any other firearm" applies to the giving of false information on federal instruments completed in conjunction with the purchase of a weapon.
In New Jersey an individual desiring to purchase a rifle or shotgun must first obtain a "firearms purchaser identification card" from the "chief of police of an organized full-time police department of the municipality where the applicant resides" or from the Superintendent of the State Police. See N.J.S.A. 2C:58-3d. To obtain a firearms purchaser identification card an individual must be a "person of good character and good repute in the community in which he lives" and must not be "subject to any of the disabilities set forth in [N.J.S.A. 2C:58-3c] or other sections of this chapter." N.J.S.A. 2C:58-3c provides:
c. Who may obtain. No person of good character and good repute in the community in which he lives, and who is not subject to any of the disabilities set forth in this section or other sections of this chapter, shall be denied a permit to purchase a handgun or a firearms purchaser identification card, except as hereinafter set forth. No handgun purchase permit or firearms purchaser identification card shall be issued:
(1) To any person who has been convicted of a crime, whether or not armed with or possessing a weapon at the time of such offense;

*185 (2) To any drug dependent person as defined in P.L. 1970, c. 226 (C. 24:21-2), to any person who is confined for a mental disorder to a hospital, mental institution or sanitarium, or to any person who is presently an habitual drunkard;
(3) To any person who suffers from a physical defect or disease which would make it unsafe for him to handle firearms, to any person who has ever been confined for a mental disorder, or to any alcoholic unless any of the foregoing persons produce a certificate of a medical doctor or psychiatrist licensed in New Jersey, or other satisfactory proof, that he is no longer suffering from that particular disability in such a manner that would interfere with or handicap him in the handling of firearms; to any person who knowingly falsifies any information on the application forms for a handgun purchase permit or firearms purchaser identification card;
(4) To any person under the age of 18 years; or
(5) To any person where the issuance would not be in the interest of the public health, safety or welfare.
For purposes of N.J.S.A. 2C:58-3c(2), a "drug dependent person:"
means a person who is using a controlled dangerous substance and who is in a state of psychic or physical dependence, or both, arising from the use of that controlled dangerous substance on a continuous basis. Drug dependence is characterized by behavioral and other responses, including but not limited to a strong compulsion to take the substance on a recurring basis in order to experience its psychic effects, or to avoid the discomfort of its absence. [N.J.S.A. 24:21-2].
At the time an individual possessing a firearms purchaser identification card decides to purchase a rifle or shotgun, the individual must exhibit his identification card to the "seller, donor, transferor, or assignor" and must complete a Certificate of Eligibility certifying that he continues to comply with the prerequisites for obtaining an identification card contained in N.J.S.A. 2C:58-3b. In addition, the certificate must include "his name, address, and firearms purchaser identification card number or dealer registration number." N.J.S.A. 2C:58-3b.
A prospective purchaser of firearms must also comply with similar requirements under federal law. 18 U.S.C. § 923(g) provides, in pertinent part, that:
(g) Each licensed importer, licensed manufacturer, licensed dealer, and licensed collector shall maintain such records of importation, production, shipment, receipt, sale, or other disposition, of firearms and ammunition at such place, for such period, and in such form as the Secretary may by regulations prescribe.
*186 In accordance with this provision regulations promulgated by the Department of the Treasury's Bureau of Alcohol, Tobacco and Firearms require any licensed dealer, prior to making an over-the-counter transfer of a firearm, to obtain a Firearms Transaction Record (Form 4473) from a transferee identifying the transferee and the firearm to be transferred and certifying that the transferee is not prohibited by federal law from obtaining a firearm in interstate or foreign commerce. See 27 C.F.R. § 178.124(c).[1] Among the questions on the Firearms Transaction Record is whether the transferee is "an unlawful user of, or addicted to, marijuana, or a depressant, stimulant or narcotic drug." See 18 U.S.C. § 922(h).
Defendant argues that the State cannot prosecute him under N.J.S.A. 2C:39-10c for falsifying his response to the aforementioned question on the federal form related to his use of drugs. He contends that the phrase in N.J.S.A. 2C:39-10c proscribing the giving of false information "in completing the certificate or any other instrument required by law" in connection with the transfer of a weapon only entitles the State to prosecute *187 individuals who give false information on instruments required by state law.
The underlying rationale for defendant's argument rests on the more restrictive posture federal law takes with respect to drug use as a criterion for purchasing a firearm. New Jersey law only prohibits "drug dependent" individuals from purchasing firearms while federal law bars unlawful users of drugs as well as those suffering from an addiction. Defendant denies being "drug dependent" but admits to having occasionally used drugs unlawfully. Thus, he contends that his State certification that he is not drug dependent was truthful but admits that on his federal form he falsely denied having unlawfully used drugs. However, assuming N.J.S.A. 2C:39-10c only entitles the State to prosecute individuals who falsify State forms, he argues that he has not violated any New Jersey law and that his guilty pleas therefore lacked a sufficient factual basis. Judge MacKenzie in the Law Division disagreed, holding that the phrase "any other instrument required by law" indicated "a breadth of coverage intended by the legislature" to bar falsifications on federal as well as State forms.
N.J.S.A. 2C:39-10c, which became effective on September 1, 1979, provides as follows:
c. Any person who gives or causes to be given any false information, or signs a fictitious name or address, in applying for a firearms purchaser identification card or a permit to purchase or a permit to carry a handgun, or a permit to possess a machine gun, or in completing the certificate or any other instrument required by law in purchasing or otherwise acquiring delivery of any rifle, shotgun, handgun, machine gun, or any other firearm, is guilty of a crime of the third degree.
The State alleges, and defendant admits, that he falsified a form which the Bureau of Alcohol, Tobacco and Firearms promulgated by regulation and which federal law requires licensed dealers to obtain from prospective transferees before they purchase a firearm. See 18 U.S.C. § 923(g); 27 C.F.R. 178.124(c).
As a general rule of statutory construction the court first should look to the general language of the disputed *188 statute. If the court finds that "the statute is clear and unambiguous on its face and admits of only one interpretation," the sole function of the court is to enforce the statute according to its literal terms. State v. Butler, 89 N.J. 220, 226 (1982); Sheeran v. Nationwide Mutual Insurance Company, Inc. 80 N.J. 548, 556 (1979). See State v. Maguire, 84 N.J. 508, 528 (1980); Vreeland v. Byrne, 72 N.J. 292, 302 (1977); Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 277 (1956); DeHart v. Bambrick, 177 N.J. Super. 541, 549 (App.Div. 1981). Furthermore, the words and phrases contained in the statute should be given their ordinary and well understood meaning. Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 526 (1964). See also N.J.S.A. 1:1-1.
Here, the plain and unambiguous language of N.J.S.A. 2C:30-10c, which makes falsifying answers on "any instrument required by law" a state offense, manifests our Legislature's intent to prosecute falsifications on federal as well as state forms. New Jersey's Supreme Court has traditionally interpreted the word "law" as meaning "statutory law or common law rule or doctrine." Seatrain Lines, Inc. v. Medina, 39 N.J. 222, 231 (1963). Accord Warren v. United States, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503 (1951). The term "any" is defined as "one indifferently out of more than two: one or some indiscriminately of whatever kind ... one no matter what one: EVERY." Webster's Third New International Dictionary 97 (1971). Black's Law Dictionary defines "any" as "some; one out of many; an indefinite number," and comments that the "[w]ord `any' has a diversity of meaning and may be employed to indicate `all' or `every' as well as `some' or `one.'" Black's Law Dictionary 86 (5th ed. 1979).
The Legislature's utilization of the phrase "any other instrument" in N.J.S.A. 2C:39-10c to modify the phrase "required by law," without specifying state or federal, demonstrates a clear intent not to limit the breadth of that provision to falsifications on state instruments. The Legislature's evident *189 intent in N.J.S.A. 2C:39-10c is to prosecute individuals for falsifying licensing-related applications in general and to ensure that only individuals of "good character and good repute in the community" are able to obtain firearms. See N.J.S.A. 2C:58-3c. Moreover, the Legislature added the phrase "in completing the certificate or any other instrument required by this act" by amendment to the predecessor statute of N.J.S.A. 2C:39-10c, N.J.S.A. 2A:151-48, see L. 1966, c. 60, § 39, as part of a major effort to tighten New Jersey's regulation and monitoring of the sale and purchase of firearms. This is obvious from the sponsor's following statement to this gun control legislation:
STATEMENT
The main thrust of this legislation is to prohibit the sale or purchase of firearms in instances where the prospective purchaser:
(1) has a physical handicap or sickness which makes it unsafe for him to handle firearms;
(2) has ever been confined for a mental disorder to a hospital, mental institution or sanitarium (unless a doctor will certify that he is now fit);
(3) has a criminal record, is an alcoholic, drug addict, or addicted to narcotics, goofballs or pep pills;
(4) is a subversive; or
(5) where the issuance of a permit or identification card would not be in the interest of the public health, safety or welfare. [Sponsor's Statement to A. 165, introduced January 24, 1966].
The legislation also reflected New Jersey's strong interest in restricting the use and possession of firearms by criminals for the purpose of reducing the number of persons killed or injured by such weapons. State v. Des Marets, 92 N.J. 62, 72 (1983) (construing the Graves Act, N.J.S.A. 2C:43-6c and d).
With these policy considerations in mind, the State's interest in prosecuting individuals who falsify federally required instruments completed in connection with the purchase of a firearm in New Jersey is certainly as strong as the State's interest in prosecuting individuals who falsify State-required instruments. It follows that the Legislature could not rationally have intended to limit the application of N.J.S.A. 2C:39-10c as argued by defendant. Moreover, assuming an alleged offense under N.J.S.A. 2C:39-10c takes place within the State's *190 borders, there is no question that New Jersey's courts have jurisdiction even though the instrument falsified is federal. See Prager v. American Broadcasting Co., Inc., 569 F. Supp. 1229, 1234 (D.N.J. 1983), aff'd, 734 F.2d 7 (3d Cir.1984); State v. McDowney, 49 N.J. 471, 474 (1967); State v. Reldan, 166 N.J. Super. 562, 565 (Law Div. 1979), rev'd on other grounds, 185 N.J. Super. 494, 506 (App.Div. 1982), certif. den., 91 N.J. 543 (1982); State v. Carminati, 162 N.J. Super. 234, 246 (Law.Div. 1978).
It should also be noted that the only State-required instrument specifically referred to by N.J.S.A. 2C:39-10c is the Certificate of Eligibility. The certificate is the only instrument required by state law to be completed by a transferee at the time he or she purchases a firearm. Thus the Legislature, by referring to the "certificate or any other instrument required by law" [emphasis supplied], plainly intended to expand the coverage of N.J.S.A. 2C:39-10c beyond falsifications on the Certificate of Eligibility.
Defendant relies on the "long recognized" rule of construction that "in the substantive sense the term law `when used without restriction or qualification, refers to the public law of the state.'" State v. Duble, 172 N.J. Super. 72, 75 (App.Div. 1979) (quoting In re Hague, 104 N.J. Eq. 31, 63 (Ch. Div. 1929), aff'd, 104 N.J. Eq. 369 (E. & A. 1929)). He argues that this rule of construction compels the court to interpret the term "law" narrowly as meaning state law, exclusive of federal law. However, it is well-established that federal laws and constitutional provisions are binding on the state courts and are subject to their judicial notice. See Evid.R. 9; Associated East Mortgage Co. v. Young, 163 N.J. Super. 315, 320 (Ch.Div. 1978). It is also fundamental that citizens of a state are subject to federal law. Accordingly, accepting the principle cited by defendant as a judicially recognized canon of construction, federal law reasonably may be viewed as part of the public law of the state and therefore must be included within the meaning to be attributed to the term "law." Moreover, by modifying the term *191 "law" as applied in N.J.S.A. 2C:39-10c with the phrase "any instrument," the Legislature evidenced an intent for the term "law" to be subject to a broad interpretation. The cases relied on by defendant do not suggest that for purposes of construing the term "law" a distinction should be made between state and federal provisions.
Defendant next refers to N.J.S.A. 2C:58-3f, which prohibits licensing authorities from adding conditions or requirements to the form or content of the application card or to the requirements for obtaining the issuance of an identification card, "other than those specifically set forth in this chapter." Defendant argues that requiring purchasers of firearms to complete the federal form constitutes an additional requirement barred by the statute. This argument is clearly without merit. First, defendant completed the federal form as a prerequisite to purchasing his rifle and shotgun, not as a prerequisite to obtaining an identification card. Moreover, the Firearms Transaction Record does not constitute an amendment or addition to the identification card application nor is it an additional requirement imposed by the local licensing authority. Rather, it constitutes federal regulation of weapons transfers pursuant to the power of the federal government to regulate interstate commerce. See 18 U.S.C. § 921 et. seq.; U.S. v. King, 532 F.2d 505, 510 (5th Cir.1976), cert. den., 429 U.S. 960, 97 S.Ct. 384; 50 L.Ed.2d 327 (1976); U.S. v. Petrucci, 486 F.2d 329, 331 (9th Cir.1973), cert. den., 416 U.S. 937, 94 S.Ct. 1937, 40 L.Ed.2d 287 (1974); U.S. v. Nelson, 458 F.2d 556, 558-559 (5th Cir.1972).
Finally, defendant's analogy to the perjury provisions of the Code of Criminal Justice (Code), N.J.S.A. 2C:28-1 et seq., is also unavailing. The perjury laws prohibit perjury "in any official proceeding." N.J.S.A. 2C:28-1(a). That phrase is defined in N.J.S.A. 2C:27-1(d) as meaning "a proceeding heard or which may be heard before any legislative, judicial, administrative or other governmental agency...." The statute limits the term "government" to "any branch, subdivision or agency of the government of the state or any locality within it."
*192 Defendant points out that by express reference the Legislature limited the applicability of the perjury provisions of the Code to State proceedings and clearly did not intend to include federal proceedings. He argues that "[w]ithout a more express statement of intent from the legislature, falsification of a federal firearms form should not be a state crime either." However, the absence of an express statement of intent does not bar a court from ascertaining the Legislature's intent through any variety of sources, including legislative history and the terms of the legislative enactment taken as a whole. Indeed, the absence of an express reference limiting N.J.S.A. 2C:39-10c to State-compelled instruments makes that provision susceptible to a broader interpretation, not less broad as urged by defendant.
Thus, we hold that the phrase "certificate or any other instrument required law" includes federal instruments and therefore defendant's guilty pleas to violations of N.J.S.A. 2C:39-10c had an adequate factual basis.
Accordingly, the judgment of conviction and order for commitment under review are affirmed.
NOTES
[1] 27 C.F.R. § 178.124(c) provides as follows:

(c) Prior to making an over-the-counter transfer of a firearm to a non-licensee who is a resident of the State in which the licensee maintains his business or collection premises, the licensed importer, licensed manufacturer, licensed dealer, or licensed collector so transferring the firearm shall obtain a Form 4473 from the transferee showing the name, address, date and place of birth, height, weight, and race of the transferee, and certification by the transferee that he is not prohibited by the Act or Title VII of the Omnibus Crime Control and Safe Streets Act of 1968 (82 Stat. 236; 18 U.S.C. Appendix) from receiving a firearm in interstate or foreign commerce. The licensee shall identify the firearm to be transferred by listing in the Form 4473 the name of the manufacturer, the name of the importer (if any), the type, model, caliber or gauge, and the serial number of the firearm. Before transferring the firearm described in the Form 4473, the licensee (1) shall cause the transferee to identify himself in any manner customarily used in commercial transaction (e.g., a driver's license), and shall note on the form the method used, and (2) if satisfied that the transferee is lawfully entitled to receive the firearm, shall sign and date the form.