Abraham N. Geller, J.
Defendant stands accused in a 21-count indictment of the crimes of perjury and contempt. Although he testified under a grant of immunity, he now moves to dismiss the indictment on the ground that the Fourth Grand Jury for the November 1957 Term Continued violated his rights under section 6 of article I of the New York State Constitution and the Fourteenth Amendment of the United States Constitution when it subpoenaed him and administered the oath to him, since he was a potential defendant or a target of its investigation.
Defendant, in response to a subpoena, testified before the Grand Jury on 12 separate occasions beginning on November 13, 1958. On that date he was sworn, and, before any questions were put to him, he was advised by the Assistant District Attorney that the Grand Jury was then investigating “ whether there has existed in the past a conspiracy of a criminal nature *434 between officials of the Building Department and others to commit the crimes of bribery and taking of unlawful fees.”
The Assistant District Attorney thereupon warned him that he could be a defendant in criminal proceedings resulting from the investigation, carefully advised and instructed him on his right to exercise his constitutional privilege against self incrimination, and stated that if the defendant did exercise that privilege, he would be given immunity from prosecution for any crime that may be disclosed by his testimony, except perjury and contempt.
Following these preliminary remarks by the Assistant District Attorney, the defendant answered a number of questions, some of them dealing with his relations with certain employees of the Department of Buildings. The defendant then invoked his privilege, was granted immunity (except for perjury and contempt) by the Grand Jury, at the request of the Assistant District Attorney and in conformity with the statute (Penal Law, §§ 584, 2447), and continued testifying. The crimes of perjury and contempt with which defendant is charged in this indictment arise from testimony given by him before the Grand Jury and are alleged to have been committed on dates subsequent to the grant of immunity on November 13, 1958.
According to defendant’s testimony before the Grand Jury, he was then the sole officer and manager of Property Owners Service Corporation, Inc., which was an organization of landlords whose purpose, inter alia, was to assist its members with problems with official agencies such as the Department of Buildings. As such, he was implicated in the transactions being investigated by the Grand Jury and, but for the grant of immunity, could have been characterized as a potential defendant.
Despite the fact that he was granted full immunity by the Grand Jury, defendant now vigorously contends that the indictment must be dismissed because, since he was a potential defendant or a target of the investigation, the Grand Jury was powerless to compel his attendance before it and to administer the oath to him. He relies for this proposition principally on People v. Gillette (126 App. Div. 665); People v. De Feo (308 N. Y. 595) and People v. Steuding (6 N Y 2d 214). The court, after careful consideration of these and other applicable decisions, finds that they do not support defendant’s contention.
The New York State Constitution provides that no person shall£ £ be compelled in any criminal case to be a witness against himself ” (art. I, § 6). A Grand Jury investigation is a criminal *435 proceeding within the purview of this provision. (People ex rel. Taylor v. Forbes, 143 N. Y. 219.) Consequently, in the absence of an immunity statute, it is a violation of the constitutional provision to subpoena a potential defendant or a target of the Grand Jury’s investigation (as distinguished from an ordinary witness) and to administer the oath to him. The legal consequence flowing from such violation is dismissal of the indictment found by that Grand Jury for any substantive crime disclosed by that person’s testimony as well as for perjury and criminal contempt. As the court said in People v. Gillette (126 App. Div. 665, 668, supra): “ It was a violation of his constitutional right to require him to attend before the grand jury and take an oath. When he took the oath he thereupon became a witness and the constitutional provision is that he could not ‘ be compelled in any criminal case to be a witness against himself.’ An indictment obtained against him in that way would be invalid and he could not be convicted of perjury for the testimony which he gave, inasmuch as the oath could not be legally administered to him.” However, he does not gain immunity from prosecution for the substantive crimes, because these could be resubmitted to another Grand Jury before which he is not subpoenaed and examined. (People v. Freistadt, 6 A D 2d 1053; People ex rel. Coyle v. Truesdell, 259 App. Div. 282; People v. Bermel, 71 Misc. 356; but, cf. 11 People v. Steuding, 6 N Y 2d 214, supra, where this question was expressly left open.)
Two years after the Gillette decision (supra), the Legislature adopted an immunity statute covering the crime of conspiracy (L. 1910, ch. 395; Penal Law, § 584). That statute (§ 584) gave broad immunity from prosecution ‘1 for or on account of any transaction, matter or thing* concerning which he may so testify or produce evidence”. (See, also, Penal Law, §§ 381, 996.) Statutory immunity, as already indicated, gave a witness broader freedom from prosecution than did the constitutional protection enunciated in the Gillette case (supra), for the incriminating matters disclosed by the immunized witness could not be resubmitted to another Grand Jury or otherwise received against him upon any criminal prosecution.
Section 584 gave a witness what has been characterized as “ automatic immunity ” if he gave self-incriminating testimony. (People v. De Feo, 308 N. Y. 595, 602, supra.) In receiving automatic immunity, the witness was not required to plead his privilege nor was the Grand Jury required, verbally or otherwise, to “ confer ” immunity in order for the witness to obtain *436 it. He received it for any self-incriminating testimony by the mere giving of such testimony. "Where an immunity statute was in effect, a potential defendant or a target of investigation could not refuse to testify because of privilege and accordingly there was 11 no longer a distinction between the status of a witness about to be accused and one called as an incident to a general investigation.” (People ex rel. Coyle v. Truesdell, supra, p. 284; People v. Reiss, 255 App. Div. 509, affd. 280 N. Y. 539.) Of course, where an immunity statute was not in effect, a target still had the protection of the afore-mentioned rule in the Gillette case (supra).
In 1953 the Legislature, upon the recommendation of the New York State Crime Commission, enacted the present section 2447 (L. 1953, ch. 891, § 1) which established a new procedural scheme for the granting of immunity. The purpose and effect of this provision is to eliminate automatic and sometimes unjustified “ immunity baths,” so-called, which accrued to persons summoned before investigative bodies. At the same time, section 584 of the Penal Law was amended so that immunity thereunder is no longer conferred automatically, but only pursuant to the procedures set forth in section 2447.
Section 2447 of the Penal Law provides in part as follows:
“ § 2447. Witnesses ’ immunity.
“ 1. In any investigation or proceeding where, by express provision of statute, a competent authority is authorized to confer immunity, if a person refuses to answer a question or produce evidence of any other kind on the ground that he may be incriminated thereby, and, notwithstanding such refusal, an order is made by such competent authority that such person answer the question or produce the evidence, such person shall comply with the order. If such person complies with the order, and if, but for this section, he would have been privileged to withhold the answer given or the evidence produced by him, then immunity shall be conferred upon him, as provided for herein.
“ 2. ‘ Immunity ’ as used in this section means that such person shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which, in accordance with the order by competent authority, he gave answer or produced evidence, and that no such answer given or evidence produced shall be received against him upon any criminal proceeding. But he may nevertheless be prosecuted or subjected to penalty or forfeiture for any perjury or contempt committed in answering, or failing to *437 answer, or in producing or failing to produce evidence, in accordance with the order, and any such answer given or evidence produced shall be admissible against him upon any criminal proceeding concerning such perjury or contempt.
“ 3. ‘ Competent authority ’ as used in this section means:
* * *
“ (c) The grand jury before which a person is called to answer questions or produce evidence, when such grand jury is expressly requested by the prosecuting attorney to order such person to give answer or produce evidence: * * *
“ 4. Immunity shall not be conferred upon any person except in accordance with the provisions of this section.”
Thus, in order for a witness to obtain immunity under section 2447 he must first claim his privilege against self incrimination, he must be directed by competent authority to testify, notwithstanding his claim of privilege, and he must testify pursuant to such direction.
It is clear from the face of both section 2447 and the amended section 584 that no attempt is made to alter the scope or effect of immunity as it theretofore existed, once it is duly conferred. As the court said in People v. Breslin (306 N. Y. 294, 297): “ the provisions of the applicable statutes, prior to their amendment in 1953 (Penal Law, §§ 381, 584, 996), as well as today (L. 1953, ch. 891), cloaked defendant with an immunity as broad as the privilege guaranteed by the Constitution. In other words, a witness compelled to testify before a grand jury inquiring into the commission of crimes of bribery, conspiracy or gambling obtained a full and complete immunity from prosecution in this state for any crime disclosed or revealed by his testimony. * * * It follows, therefore, that defendant was not entitled to remain silent, even if, as he urges, he believed himself one of the targets of the investigation rather than a mere witness.” (Emphasis supplied.) Accord, Matter of Commissioner of Investigation v. Lombardozzi (7 A D 2d 48, affd. 5 N Y 2d 1026). Defendant argues that People v. Steuding (6 N Y 2d 214, supra) and People v. De Feo (308 N. Y. 595, supra), hold that section 2447 cannot constitutionally be applied to a potential defendant or a target of investigation as distinguished from an ordinary witness. Proper analysis of those decisions makes it clear that they lend no support to defendant’s position. He relies upon the following language by Judge Fuld in the Steuding case (supra, p. 217): “The statute does not apply in terms to a defendant or to one who is in the shoes of a defendant, insofar as it provides that the burden is cast upon *438 him of claiming privilege, and any attempt to invoke it against such a person would offend against the constitutional provision to which we have referred above.” But the rights of the parties herein cannot be determined on the basis of broad declarations artificially wrenched from the factual context of a decision. The defendant in the Steucling ease was indicted for the crimes of conspiring to bribe public officers and of bribery. The Grand Jury, before which the defendant had been subpoenaed and which indicted him, had been investigating official corruption in Ulster County. With respect to the matters for which he was indicted, the defendant did not plead his privilege against self incrimination, refused a request to sign a general waiver of immunity and in fact was not granted immunity under section 2447. The Appellate Division, Third Department, although recognizing that the defendant could not have been granted immunity under section 2447 because of his failure to plead his privilege, nevertheless held that “ The indictment should be dismissed on the ground that the defendant obtained immunity, and that section 2447 of the Penal Law is unconstitutional insofar as it provides that compliance with its provisions is the only manner in which immunity may be conferred. ’ ’ (7 A D 2d 566, 569.)
The Court of Appeals, in affirming dismissal of the indictment, expressly left open the question of whether the defendant had been cloaked with immunity from prosecution for the crime for which he had been indicted, thus rejecting the aforementioned finding of the Third Department that the defendant had obtained immunity. Instead, the basis of the court’s decision was expressed in the following portions of Judge Fuld’s opinion for the court (pp. 216-217): “ By virtue of the Constitution of this State (art. I, § 6) —and it is solely the Constitution of New York with which we are now concerned — a prospective defendant or one who is a target of an investigation may not be called and examined before a Grand Jury and, if he is, his constitutionally-conferred privilege against self incrimination is deemed violated even though he does not claim or assert the privilege. (See, e.g., People v. De Feo, 308 N. Y. 595, 603; People v. Ferola, 215 N. Y. 285, 289-290; People v. Gillette, 126 App. Div. 665, 667 et seq.] People v. Bermel, 71 Misc. 356, 359 et seq.) An automatic result of the violation of this constitutional privilege is that the defendant is protected not only from indictment based on any incriminating testimony which he may have given, but also from use of such evidence. And the right and protection thus accorded by the Constitution may not be taken away or cut down by statute.
*439 * * #
“A violation of the constitutional privilege carries with it a dismissal of the indictment returned by the Grand Jury before which the defendant testified.”
Thus the Steuding case (supra), where the defendant was not granted immunity by the Grand Jury, reaffirmed and applied the rule in the Gillette case (supra) by holding that the summoning by the Grand Jury and examination of the defendant who was a target of its investigation, was a violation of his constitutional rights so that the indictment based upon his testimony must be dismissed. The Steuding decision then has no bearing on a defendant such as Feinberg who, having teen duly granted immunity by the Grand Jury for any substantive crimes he might disclose during his testimony, is thereafter indicted for perjury and contempt.
In the light of the foregoing analysis, the court will now consider the first-quoted statement of Judge Ftjld (supra), upon which defendant relies. The People in Steuding (supra) argued that a potential defendant, as any ordinary witness, has the burden of pleading his privilege and if he fails to do so, he is deemed to have waived it and'to have testified voluntarily and may therefore be indicted on the basis of his own testimony. The court rejected this argument, holding that insofar as the statute attempted to cast upon a potential defendant the burden of claiming his privilege plus the resulting consequences flowing . from his failure to do so, as argued by the People, it conflicted with the constitutional provision as was held in the Gillette case (supra). But the court did not, as argued by the defendant herein, hold unconstitutional the procedural steps required by section 2447 for the granting of immunity to a potential defendant.
People v. De Feo (308 N. Y. 595, supra), is equally inapplicable. In that case the defendant, during the first three sessions of the Grand Jury, was not advised of the purpose of the inquiry or of his constitutional rights as a prospective defendant in a criminal proceeding. Neither did he plead his privilege against self incrimination nor sign a waiver of immunity. It was only during the fourth session that he was admonished, after which he claimed his privilege. The Grand Jury thereupon granted him immunity — not the broad immunity provided for in section 2447, but only for the crimes of conspiracy and bribery. In reversing the conviction for criminal contempt, the court (p. 603), as it did in Steuding (supra), rejected as unconstitutional the construction of section 2447 ‘ ‘ as providing a new *440 procedure for dealing with a prospective defendant witness which supersedes the rule in People v. Gillette (supra), and other cases.” It is implicit in the decision and evident from the following language of the court in De Feo (p. 604) that, had the defendant been properly warned and granted full immunity under section 2447, it would have sustained the conviction:
11 While it is agreed that a grand jury is a competent authority to confer immunity (Penal Law, § 2447, subd. 3, par. [c]) and that the immunity conferred shall- be complete in any criminal proceeding other than for perjury or contempt (subd. 2), it does not follow that the limitations on the immunity attempted to be granted to this witness, in exchange for incriminating testimony, was coextensive with and as broad as his constitutional privilege.
“ True it is that section 2447 is designed as a complete immunity statute, but the immunity it contemplates is not operative until conferred by the Grand Jury or some other duly authorized agency mentioned in the statute. Here the immunity attempted to be conferred by the Grand Jury was incomplete, with the result that defendant was being compelled to give testimony in violation of his fundamental right against self incrimination. ’ ’
The defendant Feinberg having invoked his privilege against self incrimination and having been properly granted complete immunity, except for perjury and contempt, his constitutional rights were not violated. Moreover, with respect to the claimed violation of his rights under the Fourteenth Amendment to the United States Constitution, it is settled law “ that protection against self-incrimination is not a privilege or immunity of national citizenship.” (Adamson v. California, 332 U. S. 46, 53.)
The defendant emphasizes the warning to him by the Assistant District Attorney at the start of the proceedings that he ‘ ‘ could very well be a defendant in a criminal proceeding resulting from this Grand Jury investigation ” as showing that he was examined as a prospective defendant or a target of the investigation. But the grant of absolute immunity, indicated earlier, as well as all that transpired before the Grand Jury are completely inconsistent with the possibility of his indictment for any crime disclosed by his testimony and establish that he was examined merely as a witness whose testimony was sought to be used against others. The aforesaid warning by the Assistant District Attorney, when read in context, indicates nothing more than an effort by him to fairly apprise the witness of his rights prepara *441 tory to leading him into claiming his privilege and receiving immunity.
Finally, counsel for the defendant has pointed out that the defendant would have no immediate right of appeal from a denial of this motion, whereas the People could promptly appeal a dismissal of the indictment. It is contended, as it frequently is, that justice dictates that the issue be finally resolved in advance of what may be a protracted trial. People v. Winter (18 Misc 2d 205) cited by counsel, as well as other decisions to the same effect (People v. Knapp, 206 N. Y. 373; People v. diento, 207 Misc. 914; People v. McCann, 151 Misc. 792), are not in point. In those cases the courts ruled in favor of the defendants on the merits and merely added as a supporting reason the possible avoidance of a lengthy trial. The court has the duty to decide this motion in accordance with its understanding of the applicable law and without regard to matters of appellate procedure. It is true in any criminal case, if, after trial, it should ultimately be determined on appeal that the indictment was invalid, the trial would then, in retrospect, have been unnecessary. However, considerations of this character, bearing upon the right of a defendant to appeal a denial of his motion to dismiss an indictment, in advance of trial, are for the Legislature to deal with, not the courts.
Motion denied. Submit order.