504

The People of the State of New York, Appellant, *v.* Matthew Ianniello, Respondent.

First Department, June 15, 1967.

*H. Richard Uviller* of counsel (*Frederick P. Havetz* with him on the brief; *Frank S. Hogan, District Attorney*), for appellant.

*William Sonenshine* of counsel (*Maurice Edelbaum* and *Evseroff, Newman & Sonenshine*, attorneys), for respondent.

*Per Curiam.* Defendant was called to testify before a Grand Jury investigating the alleged existence of a conspiracy to bribe public officers. Having given answers allegedly evasive, equivocal and false, he was indicted for criminal contempt, charged with contumacious and unlawful refusal to answer legal and proper interrogatories (Penal Law, § 600, subd. 6). The present appeal is by the People from an order which dismissed the indictment on the ground that the impunged answers were given after defendant had been denied access to his counsel who was outside the grand jury room. While we agree that the indictment is subject to dismissal, in our view it is unnecessary to reach the issue of defendant's right to consult counsel, nor need we consider whether defendant's response to the Grand Jury's questioning was " so false and evasive as to be equivalent to no answer at all " (*People ex rel. Valenti* v. *McCloskey,* 6 N Y 2d 390, 398).

Each count of the indictment alleges that defendant "was further informed that said Grand Jury had voted to confer immunity upon him from prosecution for any crimes that might be revealed by his testimony." The theory of the indictment, then, is that, having been granted immunity, defendant was bound to testify. The record, however, does not show that the Grand Jury had voted to grant him immunity, or that the conditions precedent to such a grant had been fulfilled. For example, defendant did not affirmatively claim his privilege (see *People* v. *Laino,* 10 N Y 2d 161, 172). The People's brief acknowledges that what happened before the Grand Jury fell short of "an operative conferral of statutory immunity." An essential premise of the indictment cannot be proven; therefore, the indictment may not be sustained.

Furthermore it is questionable that the Grand Jury could constitute defendant a "witness" so that he may be deemed to have waived his privilege by not claiming it. The witnesses referred to in section 2447 of the Penal Law are persons "who are, in truth and fact, witnesses" (*People* v. *Steuding,* 6 N Y 2d 214, 217). This defendant, before he was subpoenaed, was known or suspected to have been an active participant in the briberies under investigation. In fact, the present indictment alleges that in the course of the Grand Jury investigation "it became material and necessary to examine the defendant to inquire and ascertain whether a certain police sergeant of the Police Department of the City of New York had been receiving bribes from the defendant to allow the defendant to conduct his businesses, licensed bars and grills, in violation of the Penal Law and the Alcoholic Beverage Control Law of the State of New York".

Thus, we conclude he was not a witness in the statutory sense. He was a prospective defendant or one who is a target of an investigation (*People* v. *Steuding, supra,* pp. 216, 217).

Dismissal of the indictment is required, and the order entered June 22, 1966, granting defendant's motion to dismiss should be affirmed.

STEUER, J. (dissenting). The People appeal from the dismissal of an indictment containing four counts for criminal contempt. Although the court below based decision on a single ground, we will discuss all three grounds advanced by the defendant.

The first ground is that there was insufficient evidence for the finding of the indictment. The four counts are based on the answers to four series of questions addressed to defend-

ant while testifying before the Grand Jury. The questions referred to defendant's meetings and conversations had with certain police officers. As to all of these defendant answered that he did not remember. While it is doubtless true that presence or absence of recollection can never be categorically established, the circumstances may be such as to establish beyond a reasonable doubt that the professed lack of recollection is sham. The charge in the first count is that defendant answered that he did not recall whether in the past two weeks anyone had advised him to keep away from certain police officers. In the second and third counts it is stated that, after testifying that some police officers had been visitors at his farm, he could not recall the names of any of the officers except one. The fourth count concerns a meeting with a certain Police Sergeant which defendant admitted took place but defendant denied recollection whether the subject of a police investigation was mentioned. None of these incidents was so remote in time that recollection had faded. Rather it was asserted that the matters were so insignificant that they could not be recalled. These answers could well be found to be so evasive as to amount to a refusal to answer, and so contemptuous (*People ex rel. Valenti* v. *McCloskey,* 6 N Y 2d 390, 398).

The second ground is that defendant was denied the right to consult counsel. For two reasons it is plain that this is no ground for dismissal. First, it is axiomatic that a witness is not entitled to counsel (*People.* v. *Brayer,* 6 A D 2d 437; cf. *Matter of Groban,* 352 U. S. 330). Secondly, the record shows that defendant had the benefit of his counsel's advice as to his rights. What he complains about is that as a particular question was asked he requested leave to consult counsel before answering. Such disruptive tactics could render any grand jury proceedings nugatory.

The third, and weightiest, objection is as to whether the testimony given can itself be the basis of any criminal charge. Certain background facts are essential to any discussion of this issue. The Grand Jury inquiry was into the taking of bribes by police officers. Defendant was called as a witness who was believed to have some knowledge of this situation. A reading of the record leads to the conclusion, we believe inevitably, that the prosecutor believed that defendant was in all probability either a giver of the bribes or at least intimately connected with the transactions, but that he (the prosecutor) was not seeking to indict the defendant for that or any other crime. In fact, the prosecutor stated on the record his willingness to have the Grand Jury grant defendant immunity

as to any transaction testified to, should the defendant request it. Instead, the defendant did not claim his privilege but evaded answering to a degree amounting to refusal.

Prior to the enactment of section 2447 of the Penal Law, a person subpœnaed before the Grand Jury automatically enjoyed immunity as to any matters on which he was questioned regardless of whether he asserted privilege or asked for immunity (*People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253; *People* v. *Sharp,* 107 N. Y. 427; *People* v. *Reiss,* 255 App. Div. 509, affd. 280 N. Y. 539). It was, however, felt that it was unfair, if a prosecutor in examining a witness before the grand jury incidentally discovered that the witness was guilty of some criminal activity, for the witness to escape prosecution for this reason (see *People* v. *Tenaglia,* 30 Misc 2d 1013, 1019). Apparently so far as the section carries out this purpose it is effectual, but not beyond that. So, while the section is said to be viable as to a true witness (*People* v. *Steuding,* 6 N Y 2d 214, 217), it is unconstitutional as whittling away the privilege of one who is a prospective defendant (*People* v. *Laino,* 10 N Y 2d 161).

It has always been recognized that crimes growing out of the giving of testimony itself, such as perjury or contempt, stand upon a somewhat different footing than crimes revealed by testimony. Where a witness contumaciously refuses to answer before the grand jury he can be prosecuted for contempt quite regardless of the fact that he may enjoy immunity as to the transactions as to which he refused to testify (*Matter of Prensky* v. *Geller,* 22 A D 2d 559, mot. for lv. to app. den. 16 N Y 2d 486, cert. den. 384 U. S. 101). Similarly, an indictment for perjury will lie where the answers are false (*People* v. *Feinberg,* 19 Misc 2d 433). To this there has always been an exception, that the person against whom the grand jury inquiry is directed may not be prosecuted for any dereliction in regard to his testimony. This is not on the ground that he enjoys immunity, but because it is illegal to bring him before the grand jury in the first place it is furthermore illegal to administer the oath, so that any step taken thereafter consequential on the taking of the oath is a nullity (*People* v. *Gillette,* 126 App. Div. 665, 670). That exception has not been affected by section 2447 (*People* v. *De Feo,* 308 N. Y. 595).

We come now to whether the defendant comes within the class of excepted persons. The current fashionable expression for persons so exempted is "target of the investigation." The brilliant color of the phrase obscures the fact that nobody

knows exactly what it means. Clearly if defendant is one of the persons against whom the investigation is directed and whose indictment is the contemplated result of the investigation, he is exempted (*People* v. *Gillette, supra; People* v. *Laino, supra*). If he is merely a person having knowledge of the facts but apparently not implicated in the wrongdoing, it is equally clear that he is not. But most instances fall within these boundaries, and the persons described, while not the target, are within the target area. That is, they are suspected, more or less substantially, of some criminal activity in connection with the matter under investigation. The defendant here would come within this classification.

It quite often happens that in order to obtain an indictment as well as to get a conviction, a prosecutor must rely on the testimony of persons themselves criminally involved in the matter. This testimony is seldom proffered voluntarily. The prosecutor must make a conscious choice between those persons against whom he will proceed and those he will excuse, in order to obtain any indictment. It would seem that once the prosecutor has made such an election, the person exempted ceases to be even a potential defendant. The proffer of immunity is completely inconsistent with subsequent indictment (see *People* v. *Feinberg, supra,* p. 440, GELLER, J.).

There can be no question but that that is the situation here. The defendant was specifically informed that he was being called as a witness only and that the Grand Jury was prepared to give him immunity if he requested it. Nothing could have been clearer than that the District Attorney was prepared to forego any effort to proceed against the defendant no matter what his testimony revealed, and there is no claim that this was not thoroughly understood by him. It follows that the point made in the majority opinion that defendant did not receive immunity is entirely immaterial. The sole question is whether he is a person to whom a grant of immunity would be effectual, in the sense that it would require him to testify. If he is within that class, no grant invokes any sanction for refusing to, or evading answering. If he is not, he is not excused because of his advised failure to claim his privilege.

To hold that this defendant, or anyone similarly situated, is a target and hence exempted means that the prosecuting office has no option as to which persons shall be prosecuted, and that in a situation where one of the malefactors is the sole source of the evidence, all must go free. We cannot conceive that the Constitution so mandates.

The order entered June 22, 1966 should be reversed on the law and the indictment reinstated.

BOTEIN, P. J., EAGER and McGIVERN, JJ., concur in *Per Curiam* opinion; STEUER, J., dissents in opinion in which RABIN, J., concurs.

Order entered on June 22, 1966, affirmed.