OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



November 20, 2002

The Honorable Tom O'Connell
Collin County Criminal District Attorney
210 South McDonald, Suite 324
McKinney, Texas 75069

Opinion No. JC-0579

Re: Whether the testimony of a non-English speaking or deaf or hearing-impaired witness before a grand jury requires the appointment of a certified or licensed court interpreter under section 57.002 of the Government Code (RQ-0554-JC)

Dear Mr. O'Connell:

You have asked this office whether the requirement for certified or licensed interpreters for non-English speaking or deaf or hearing-impaired individuals mandated by the Seventy-seventh Texas Legislature in chapter 57 of the Government Code applies to grand jury proceedings.[1] In particular, you ask whether a grand jury proceeding is a "criminal proceeding" within the meaning of section 57.002 of the Government Code, "thereby requiring appointment of a licensed court interpreter to translate for witnesses who do not understand the English language." Request Letter, *supra* note 1, at 1; *see also* TEX. GOV'T CODE ANN. § 57.002 (Vernon Supp. 2002). We conclude that such a proceeding does require the appointment of a licensed or certified interpreter.

The Seventy-seventh Texas Legislature added chapter 57 concerning court interpreters to the Government Code. *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1139, 2001 Tex. Gen. Laws 2537. Chapter 57 requires, inter alia, that:

> (a) A court shall appoint a certified court interpreter or a licensed court interpreter if a motion for the appointment of an interpreter is filed by a party or requested by a witness *in a civil or criminal proceeding in the court.*
>
> (b) A court may, on its own motion, appoint a certified court interpreter or a licensed court interpreter.
>
> (c) In a county with a population of less than 50,000, a court may appoint a spoken language interpreter who is not a certified or licensed court interpreter and who:

---

[1]Letter from Honorable Tom O'Connell, Collin County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (May 13, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

> (1) is qualified by the court as an expert under the Texas Rules of Evidence;
>
> (2) is at least 18 years of age; and
>
> (3) is not a party to the proceeding.

TEX. GOV'T CODE ANN. § 57.002 (Vernon Supp. 2002) (emphasis added). Section 57.002(c), which allows some limited exemption from the strictures of the statutory scheme in counties of fewer than 50,000, is inapplicable to Collin County, which according to the 2000 census has a population of 491,675. *See* BUREAU OF THE CENSUS, U.S. DEPT OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://www.census.gov/.

Chapter 57 is intended to establish standards for interpreters who assist those participants in court proceedings who either do not speak or understand English, or who are deaf or hearing-impaired. *See* OFFICE OF HOUSE, BILL ANALYSIS, Tex. H.B. 2735, 77th Leg., R.S. (2001). To that end, it grants authority to the Texas Commission for the Deaf and Hard of Hearing to set standards for the certification of interpreters for the deaf or hearing-impaired, *see* TEX. GOV'T CODE ANN. §§ 57.021-.027 (Vernon Supp. 2002), and to the Texas Department of Licensing and Regulation to license interpreters for persons who can hear but do not communicate in English, *see id.* §§ 57.041-.051. Only certified or licensed interpreters may hold themselves out or act as such. *See id.* §§ 57.026, .049. Violations of the statute are Class A misdemeanors. *See id.* §§ 57.027(a), .050(a).

You inform us that "a recurring practice utilized prior to the promulgation" of chapter 57 was for "a Spanish-speaking investigator with [your county's] District Attorney's office [to] volunteer[] any necessary interpretation" for a Spanish-speaking witness other than the accused. Request Letter, *supra* note 1, at 1. We presume from the context of your question that such investigators were not licensed interpreters. You are uncertain whether such a practice can continue, given the criminal penalties listed in chapter 57. *See id.* at 1-2. Accordingly, you ask whether a grand jury is a criminal proceeding for the purpose of section 57.002(a). *See id.* We conclude that it is.

The meaning of "criminal proceeding" for the purpose of this statute appears to be a matter of first impression. While, as you note, criminal prosecutions have been said for Sixth Amendment purposes to be "initiated . . . by way of formal charge, preliminary hearing, indictment, information, or arraignment," *see Griffith v. State,* 55 S.W.3d 598, 603 (Tex. Crim. App. 2001) (en banc), and thus to begin after grand jury hearings have been held, the meaning of "criminal proceeding" will depend upon context. *See Howland v. State,* 990 S.W.2d 274, 276-77 (Tex. Crim. App. 1999); *Tigner v. State,* 928 S.W.2d 540, 543-44 (Tex. Crim. App. 1996) (en banc). On at least two occasions, when the question of interpreting the word "proceeding" in the criminal context has arisen, the Court of Criminal Appeals has chosen a broad, rather than a narrow, construction. In *Tigner v. State,* the court noted that, "[t]he term 'proceeding' is a very broad nomenclature." *Tigner,* 928 S.W.2d at 543. It further noted that *Black's Law Dictionary* defines proceeding as "'all

possible steps in an action from its commencement to its execution.'" *Id.* (citing BLACK'S LAW DICTIONARY 1204 (6th ed. 1990). Similarly, in *Howland* the court found that extrinsic offense evidence permissible in any "proceeding" after the effective date of a statute could be admitted in any such "proceeding" in the sense of any step required in the course of an action. *See Howland,* 990 S.W.2d at 276-77. We believe that, in light of the remedial purpose of chapter 57 and its legislative history, a court would in this instance liberally interpret the phrase to accomplish the statute's purpose. *See, e.g., Davis v. Ector County,* 40 F.3d 777, 785 (5th Cir. 1994) (remedial statute to be liberally construed). We emphasize that this conclusion is limited to the interpretation of the phrase in section 57.002.

While we have found no Texas cases on the question of whether a grand jury session constitutes a criminal proceeding, a majority of the cases we have discovered from other jurisdictions discussing the issue hold that it does. *See Kinamon v. United States,* 45 F.3d 343, 347-48 (9th Cir. 1995), *United States v. Berry,* 678 F.2d 856, 860 (10th Cir. 1982), *In re Grand Jury Empaneled,* 597 F.2d 851, 856-57 (3rd Cir. 1978), *Bacon v. United States,* 449 F.2d 933, 939 (9th Cir. 1971), *Schwimmer v. United States,* 232 F.2d 855, 860 (8th Cir. 1956), *United States v. Lawson,* 255 F. Supp. 261, 263 (D. Minn. 1966), *State v. Carroll,* 515 P.2d 1299, 1302 (Wash. 1973), *People v. McCloskey,* 238 N.Y.S.2d 676, 680 (N.Y. App. Div., 1st Dept. 1963), *People v. Feinberg,* 193 N.Y.S.2d 937, 941 (N.Y.Gen. Sess. 1959); *but see United States v. Thompson,* 319 F.2d 665, 668-70 (2d Cir. 1963) (grand jury investigation not "criminal proceeding" for purpose of federal statute giving district court power to issue subpoenas to witnesses outside United States).

The legislative history of chapter 57 also argues strongly for a liberal reading of "proceeding" in this context. As the bill analysis makes clear:

> Prior to the 77th Legislature, in Texas there were over 400 district courts and 800 county courts at law in which some participants in the court process did not speak or fully comprehend English or were deaf or hearing[-]impaired. Such a situation hindered an individual's ability to understand the actions of the court, the questions asked and answered, and the import of the proceedings.

OFFICE OF THE HOUSE, BILL ANALYSIS, Tex. H.B. 2735, 77th Leg., R.S. (2001). At the public hearing of the Senate Committee on Jurisprudence of May 11, 2001, Senator J.E. "Buster" Brown explained that the legislation was intended "to protect a person's right to fully understand the actions of the court, the questions asked and answered, and the import of *any and all* proceedings." *Hearings on Tex. H.B. 2735 Before the Sen. Comm. on Jurisprudence,* 77th Leg., R.S. (May 11, 2001) (emphasis added).

Testimony before a grand jury is by no means trivial, and we can discern no basis for a supposition that it is less necessary that a witness in such a matter understand what is going on, or that the panel understand him or her, with the same clarity as in any other proceeding. As the United States Court of Appeals for the Ninth Circuit said in *Bacon v. United States*:

> The grand jury carries out its investigative function with the specific purpose of determining whether probable cause exists to institute

> criminal prosecutions. Its decision to return an indictment throws the full weight of the criminal process against persons suspected of crime. It is incongruous to say that a proceeding before the body charged by the Constitution with initiating criminal prosecutions does not amount to a proceeding in a criminal case prior to verdict.

*Bacon,* 449 F.2d at 939-40 (citation omitted). Accordingly, the interpretation offered in a grand jury hearing for deaf, hearing-impaired, or non-English speaking witnesses must be subject to the same standards as in any other hearing governed by section 57.002.

You suggest that the secrecy of grand jury proceedings offers another reason that properly trained translators or interpreters ought not to be in the grand jury room. However, the Code of Criminal Procedure specifically permits their presence during the proceedings. TEX. CODE CRIM. PROC. ANN. art. 20.011(a)(5) (Vernon Supp. 2002) (among those who may be present in grand jury room are "interpreters if necessary").

## S U M M A R Y

For the purposes of section 57.002 of the Government Code, a grand jury hearing is a "criminal proceeding" requiring the appointment of a properly qualified interpreter for a witness who is either non-English speaking or deaf or hearing-impaired.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee